

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-29-2009

# Wade Knight v. Jonathan Kaminski

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2524

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Wade Knight v. Jonathan Kaminski" (2009). *2009 Decisions.* Paper 1286.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1286

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2524
_____

WADE KNIGHT,

Appellant

v.

Case Manager JONATHAN KAMINSKI;
Warden TROY WILLIAMSON; GEORGE
C. NYE, III; MARK G. GULA; LOUIS CAPRIO;
DAVID ANDINO; STEVEN J. VALENCIK;
MICHAEL A. QUIJADA; M. J. ORN;
AMILENE WERTMAN

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 05-cv-00018)
District Judge: Honorable Richard P. Conaboy

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 14, 2009

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges

(Opinion filed: May 29, 2009)
_____

OPINION
_____

PER CURIAM

Wade Knight, an inmate previously housed at United States Penitentiary, White Deer, Pennsylvania, appeals from an order by the District Court granting defendants' motion for summary judgment. Knight also appeals the District Court's denial of his motion for reconsideration. For substantially the same reasons provided by the District Court, we will affirm.

I.

Knight filed a complaint pursuant to Bivens[1] and the Federal Tort Claims Act (FTCA) claiming that defendants were liable for excessive force based on the following allegations: on June 9, 2004, defendant Orn escorted him from the prison's dining hall to the Lieutenants' office holding cell. Once inside the cell, Lieutenant Nye "verbally" threatened him. Wachter[2] then opened the cell door to allow defendants Nye, Caprio, Quijeda, Valencik, Andino, and Gula to enter. These officers proceeded to physically assault Knight. After the assault, Nye tried to knee him in the mouth several times while escorting him to the Medical Department.

Knight also alleged that Nye filed a false misconduct report against Knight and that Quijada falsely claimed that Knight had struck him while trying to place hand restraints on Knight's right arm. Knight claimed that Valencik, Andino, Gula, and Wachter falsified administrative memos regarding the events of June 9, 2004. Knight

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Knight identifies this defendant as "Wertman" in his complaint.

alleged that Williamson, the warden, ordered that Knight be placed in hard ambulatory restraints. In addition, Knight claimed that Williamson failed to investigate what occurred in the holding cell. With respect to defendant Kaminski, Knight alleged that he "falsified and misused his authority against Plaintiff on several occasion [sic] and as a adverse effect caused Plaintiff to be subject to being taken to the Lieutenant's office holding cell and soon after being beating [sic] down by fellow staff member(s)."

Defendants filed a motion to dismiss or in the alternative for summary judgment, which the District Court granted in part on March 10, 2006 with respect to Knight's Bivens claim that the defendants falsified reports regarding the June 9, 2004 incident.[3] Knight's remaining claims, including his FTCA claims, his Bivens claim against Kaminski, and his claim that he was subjected to excessive force, were permitted to proceed.

Defendants filed a second motion for summary judgment, arguing that (1) Knight failed to exhaust or procedurally defaulted his administrative remedies with respect to his

---

[3] In brief, the District Court reasoned that Knight was precluded from seeking monetary damages with respect to his Bivens claim that defendants had written falsified reports. The District Court noted that defendants correctly argued that the alleged harm of these reports was that Knight received sanctions in the form of lost good time credits, and thus, he was attacking the length of his federal sentence. Applying Heck v. Humphrey, 512 U.S. 477 (1994), the District Court determined that Knight's Bivens claims were premature because he could not maintain a cause of action for unlawful imprisonment until the basis for that imprisonment was first rendered invalid via a federal habeas corpus petition. Accordingly, the court granted summary judgment and disposed of this claim in its March 10, 2006 order.

3

surviving claims; (2) Knight's Bivens claims against Williams, Orn, and Kaminski were improperly premised on a theory of respondeat superior; (3) defendants were entitled to qualified immunity with respect to the remaining Bivens claims; and (4) defendants were entitled to summary judgment under 28 U.S.C. § 2680(h) with respect to Knight's FTCA claims. Defendants supported their contentions with sworn declarations, which cited administrative records tracking internally filed administrative grievances, copies of Knight's administrative appeals and their responses, internal reports, and injury forms.

The District Court granted defendants' motion for summary judgment based on its determination that defendants had properly shown that Knight's Bivens claims against Williams, Orn, and Kaminski were improperly premised on a theory of respondeat superior, that Knight had not properly exhausted his administrative remedies, and that Knight's FTCA claim was precluded by Pooler v. United States, 787 F.2d 868, 872 (3d Cir. 1986). The District Court declined to discuss the merits of defendants' qualified immunity argument.

Knight filed a timely motion for reconsideration, which the District Court denied. This appeal followed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Because Knight is proceeding in forma pauperis, we must dismiss the appeal under 28 U.S.C. § 1915 (e)(2)(B) if it is legally frivolous. We may summarily affirm if Knight's appeal presents no substantial

4

question.  See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.  We exercise plenary review over a district court's grant of summary judgment.  See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006).  The District Court's grant of summary judgment will be affirmed if the record demonstrates that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  An issue is material if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

III.

The Prison Reform Litigation Act (PLRA) requires that a prisoner exhaust any available administrative remedies before bringing a Bivens action.  42 U.S.C. §1997e(a); Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000).  This requirement includes a procedural default component.  Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004).  Thus, an "untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the mandatory exhaustion requirement of the PLRA.  Woodford v. Ngo, 548 U.S. 81, 83 (2006); see also Spruill, 372 F.3d at 230.

In their motion, defendants provided an affidavit by a paralegal specialist to support their contention that Knight had not properly exhausted his claims before filing his federal action.  Although the District Court previously determined in its March 10, 2006 order that defendants did not satisfy their burden of establishing that Knight failed to exhaust, defendants could properly reassert this affirmative defense in their second

5

summary judgment motion with regard to the claim that defendants subjected him to excessive force on June 9, 2004.  See, e.g. Smith v. Sushka, 117 F.3d 965, 969 (6th Cir. 1997) (defendants permitted to raise affirmative defense in a second motion for summary judgment).

Defendants provided evidence to show that Knight failed to properly exhaust his claim alleging staff misconduct.  According to the affidavit and records provided by the prison's paralegal, Knight submitted a grievance alleging staff misconduct on November 19, 2004 that was rejected because it was untimely filed.  Knight pursued his administrative remedies to the Regional Director as well as to the final level of review in the Central Office; however, the grievance was rejected on the same grounds.  Knight does not address or refute defendants' contention that his grievance was untimely filed.  Knight's failure to file a timely grievance resulted in a procedural default of the issue, and thus effectively barred him from bringing this claim in federal court.  Spruill, 372 F.3d at 231; Woodford, 548 U.S. at 83.

## IV.

With respect to Knight's Bivens claim against defendant Kaminski, defendants allege that Knight premised liability on a theory of supervisory liability, which cannot form the basis of a Bivens claim.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action).  In his complaint,

6

Knight alleges that "Kaminski falsified and misused his authority against Plaintiff on several occasion [sic]," but does not specify how Kaminski personally violated Knight's constitutional rights. Similarly, Knight's bare claim that Kaminski was an "adverse effect" does not indicate personal involvement. The only specific information Knight provided is that Kaminski was present in the holding cell before the alleged assault and "peek[ed] from behind" while three counselors spoke with Knight. Accordingly, the District Court properly granted summary judgment on this claim.

For the same reasons that Knight's claims against Kaminski fail, his claims against the remaining defendants also fail. Knight alleged in his complaint that defendant Orn was responsible for Knight's being sent to the holding cell, but he has not shown that Orn participated or had any personal involvement in the use of force. Rode, 845 F.2d at 1207. As the District Court noted, Williamson's order to place Knight in "hard ambulatory restraints" after he was involved in an altercation with prison staff also does not rise to a constitutional violation. Knight's allegation that Williamson is generally responsible as acting warden on June 9, 2004 indicates that he is attempting to establish liability based on supervisory liability. See Rode, 845 F.2d at 1207. Because Knight provides no evidence to support his allegation that Williamson was personally involved in any unconstitutional conduct, summary judgment was properly granted.

The District Court did not specifically address Knight's remaining claim against defendant Wachter, which seems to maintain that Wachter is liable for "opening the door

and allowing several officers to enter an [sic] use excessive force on plaintiff." It is unclear whether Knight's claims against Wachter were properly exhausted. Defendants nevertheless provide an affidavit by Wachter in which she states that defendant Caprio requested she open the cell door to allow staff to escort Knight to the Special Housing Unit. Knight did not refute this statement or otherwise provide evidence to show that Wachter had personal knowledge that force would be used or that she was directly involved in its use. See Fed. R. Civ. P. 56(e) (to overcome a motion for summary judgment, the non-moving party must "set out specific facts showing a genuine issue for trial").

V.

Finally, Knight contends that defendants are liable under the FTCA for their alleged assault on June 9, 2004. We have limited claims that arise under 28 U.S.C. § 2680(h) to cases in which an intentional tort is committed by a law enforcement or investigative officer while executing a search, seizing evidence, or making arrests for violations of federal law. Pooler v. United States, 787 F. 2d 868, 872 (3d Cir. 1986). Defendants argue that because the alleged assault did not arise out of conduct during an arrest, search, or seizure, Knight's tort claim is not cognizable.

Knight responds that entering the holding cell with the intention "to  handcuff plaintiff and take him to consolidatary [sic] confinement" falls within the scope of § 2680(h). Defendants do not dispute that correctional officers may be deemed law

8

enforcement officers for purposes of the FTCA.  Assuming *arguendo* that they are, to the extent that Knight alleges that handcuffing and taking him to solitary confinement amount to an unconstitutional seizure, we agree with the District Court that Pooler limits the term "seizure" to the seizure of evidence.  Pooler, 787 F.2d at 872.  Knight does not allege that the defendants' conduct occurred in the course of an arrest for a violation of federal law. See 28 U.S.C. § 2680(h).  Thus, he has not shown that he is entitled  to relief under the FTCA.

## VI.

Following the District Court's entry of summary judgment, Knight sought reconsideration of the September 27, 2007 order.  Knight alleged that he should be excused from exhaustion because he received misleading information from prison officials and because the prison staff failed to consider what he believed was a valid reason for delaying his administrative grievance.  However, these arguments do not amount to an allegation of manifest error of law or fact.  Knight's mere disagreement with the outcome of the District Court's opinion is not the proper basis for a motion for reconsideration.  See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F. 3d 669, 677 (3d Cir. 1999).  Because Knight set forth no basis upon which such a motion could be granted, we conclude that the District Court correctly denied Knight's motion.

## VII.

As Knight's appeal presents no substantial question, we will summarily affirm the

District Court judgment.  <u>See</u> 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.  The motion for appointment of counsel is denied.