**ALD-133**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4837
_____

IN RE:  WADE KNIGHT,
                                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 3-05-cv-00018)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 12, 2015

Before: RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 30, 2015)
_____

OPINION
_____

PER CURIAM[1]

        Pro se petitioner Wade Knight has filed a petition for writ of mandamus requesting

that we (1) direct the United States District Court for the Middle District of Pennsylvania

to rule upon Knight's Fed. R. Civ. P. 60(b)(6) motion, and (2) reconsider our previous

decision affirming the District Court's order granting summary judgment to the

_____

[1] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

defendants in Knight's civil action. For the reasons set forth below, we will deny Knight's petition.

Knight, a federal inmate, filed a complaint in the District Court in 2005, raising claims against various prison employees under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA). In September 2007, the District Court granted summary judgment to the defendants. Knight sought reconsideration, which the District Court denied, and then filed a notice of appeal to this Court. In 2009, we affirmed the District Court's judgment. See Knight v. Kaminski, 331 F. App'x 901 (3d Cir. 2009).

In April 2013, Knight filed a Rule 60(b)(6) motion in the District Court seeking to reopen the Court's adverse judgment. Knight argued that in Millbrook v. United States, 133 S. Ct. 1441 (2013), the Supreme Court overruled our decision in Pooler v. United States, 787 F.2d 868 (3d Cir. 1986), which both we and the District Court relied on in granting judgment to the defendants on his FTCA claim. In December 2014, Knight filed a mandamus petition in this Court, which he subsequently amended. In February 2015, the District Court denied Knight's Rule 60(b)(6) motion.

Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she has a "clear and

2

indisputable" right to issuance of the writ.  <u>Madden v. Myers</u>, 102 F.3d 74, 79 (3d Cir. 1996).

To the extent that Knight has asked us to order the District Court to rule on his Rule 60(b)(6) motion, we note that the docket reflects that on February 10, 2015, the District Court denied that motion.  Because Knight has already received the relief that he requested, there is no basis for us to intervene.  Likewise, we will deny Knight's petition to the extent that it asks us to reconsider our decision on direct appeal.  Knight previously filed a motion for rehearing en banc, which we denied.  Knight cannot seek the same relief by asking this Court to issue a writ of mandamus to itself.  <u>See generally</u> <u>In re Kensington Int'l Ltd.</u>, 353 F.3d 211, 219 (3d Cir. 2003) ("[m]andamus must not be used as a mere substitute for appeal" (quotation marks omitted)); <u>see also</u> <u>Semper v. Gomez</u>, 747 F.3d 229, 250 (3d Cir. 2014) (explaining, in the context of 28 U.S.C. § 1361, that courts will issue writs of mandamus "against a lower court" (quotation marks omitted)).  Further, if Knight wishes to have this Court review the District Court's denial of his Rule 60(b)(6) motion, he must file a notice of appeal as to that order.  <u>See</u> <u>In re Kensington Int'l Ltd.</u>, 353 F.3d at 219.

Accordingly, we will deny Knight's mandamus petition.

3