**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1667
_____

WADE KNIGHT,
                                        Appellant
v.

JONATHAN KAMINSKI; TROY WILLIAMSON; GEORGE C. NYE, III;
MARK G. GULA; LOUIS CAPRIO; DAVID ANDINO; STEVEN J. VALENCIK;
MICHAEL A. QUIJADA; MICHAEL ORN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-05-cv-00018)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 26, 2016

Before:  JORDAN, RESTREPO and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 28, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Wade Knight appeals the District Court's order denying his motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure. For the reasons detailed below, we will vacate the District Court's order and remand for further proceedings.

Knight, a federal inmate, filed a complaint in the District Court in 2005, raising claims against various prison employees under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA). Only the FTCA claim is relevant here. In this claim, Knight alleged that several prison guards assaulted him, causing him to suffer physical and emotional injuries. In September 2007, the District Court granted summary judgment to the defendants. The District Court explained that in Pooler v. United States, 787 F.2d 868 (3d Cir. 1986), we had interpreted the FTCA to waive the Government's immunity "only in those cases in which a law enforcement or investigative officer commits one of the enumerated intentional torts 'while executing a search, seizing evidence, or making an arrest.'" D.C. dkt. #118 at pg. 18 (quoting Pooler, 787 F.2d at 872). The District Court concluded that, "although the purported conduct in the present case is troubling," the defendants were entitled to summary judgment because it "did not transpire during one of the enumerated acts recognized under Pooler." Id. at pg. 20.

Knight appealed. He argued, among other things, that Pooler had been wrongly decided. See Appellant's Motion (May 11, 2009). We affirmed. See Knight v.

2

Kaminski, 331 F. App'x 901 (3d Cir. 2009) (non-precedential). Like the District Court, we held that Knight's FTCA claim failed because "the alleged assault did not arise out of conduct during an arrest, search, or seizure." Id. at 905 (citing Pooler, 787 F.2d at 872). Knight filed a petition for certiorari to the Supreme Court, which the Supreme Court denied in 2009.

Subsequently, the Supreme Court issued Millbrook v. United States, 133 S. Ct. 1441 (2013), in which it overruled Pooler. Focusing on the FTCA's plain language, the Supreme Court held that "there is no basis for concluding that a law enforcement officer's intentional tort must occur in the course of executing a search, seizing evidence, or making an arrest in order to subject the United States to liability." Id. at 1445.

About a month after the Supreme Court issued its decision in Millbrook, Knight filed a motion under Rule 60(b)(6), arguing that Millbrook established that the District Court had erred in granting summary judgment to the defendants. The District Court denied Knight's Rule 60(b)(6) motion, holding that the Supreme Court's decision in Millbrook, "even if applied retroactively, does not apply to cases already closed." D.C. dkt. #177 at pg. 4. Knight filed a timely notice of appeal to this Court.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion, which "may be found when 'the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'" Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of

3

Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc) (quoting Int'l Union, UAW v. Mack Trucks, Inc., 820 F.2d 91, 95 (3d Cir. 1987)).

We conclude that the District Court committed a legal error here. The District Court's blanket conclusion that Knight's Rule 60(b)(6) motion lacked merit because it relied on an intervening Supreme Court decision is contrary to our decision in Cox v. Horn, 757 F.3d 113 (3d Cir. 2014), where we stressed that we "have not embraced any categorical rule that a change in decisional law is never an adequate basis for Rule 60(b)(6) relief." Id. at 121. Instead, we explained in Cox, "we have long employed a flexible, multifactor approach to Rule 60(b)(6) motions, including those built upon a post-judgment change in the law, that takes into account all the particulars of a movant's case." Id. at 122. At bottom, the question is whether the movant has established that "extraordinary circumstances" exist. Id. Thus, rather than simply rejecting Knight's Rule 60(b)(6) motion on the ground that it relied on a newly issued Supreme Court decision, the Court should have conducted the type of multi-factor analysis that we described in Cox.

The Government argues that we should nevertheless rule that Knight failed to demonstrate the requisite exceptional circumstances. However, we have explained that "[t]he grant or denial of a Rule 60(b)(6) motion is an equitable matter left, in the first instance, to the discretion of a district court." Id. at 124. Therefore, we will vacate the

4

District Court's order and remand the matter to that Court to determine whether Knight

has made the necessary showing.