BLD-088                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2565
_____

WADE KNIGHT,
                                  Appellant

v.

CASE MANAGER JONATHAN KAMINSKI; WARDEN TROY WILLIAMSON;
GEORGE C. NYE, III; MARK G. GULA; LOUIS CAPRIO; DAVID ANDINO;
STEVEN J. VALENCIK; MICHAEL A. QUIJADA; MICHAEL ORN; AMILENE
WERTMAN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 3:05-cv-00018)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 31, 2019

Before:  AMBRO, KRAUSE, and PORTER, Circuit Judges

(Opinion filed February 6, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Wade Knight appeals from the District Court's denial of his motion pursuant to Federal Rule of Civil Procedure 60(b)(6). For the reasons that follow, we will summarily affirm the District Court's judgment.

In 2005, Knight filed a complaint in the District Court, raising, as relevant here, claims against correctional staff under the Federal Tort Claims Act ("FTCA"). The District Court ultimately granted defendants summary judgment on Knight's FTCA claims, relying on Pooler v. United States, 787 F.2d 868 (3d Cir. 1986). We affirmed the District Court's judgment on the same grounds. See Knight v. Kaminski, 331 F. App'x 901 (3d Cir. 2009) (per curiam) (non-precedential). The Supreme Court denied Knight's subsequent petition for a writ of certiorari.

In 2013, the Supreme Court overruled Pooler in Millbrook v. United States, 569 U.S. 50 (2013). Soon after, Knight filed a Rule 60(b)(6) motion in the District Court, relying on Millbrook to argue that the District Court erred in granting defendants summary judgment. The District Court denied Knight's motion, concluding that the decision in Millbrook did not apply to cases like Knight's that had already been closed. After Knight appealed, we concluded that the District Court had not utilized "a flexible, multifactor approach" in resolving Knight's motion. See Cox v. Horn, 757 F.3d 113, 122 (3d Cir. 2014). We remanded the matter back to the District Court to consider, in the first instance, whether Knight had made a showing of "extraordinary circumstances" which would entitle him to relief. See id.

On remand, the District Court denied Knight's motion. It determined that Knight

relied solely on the existence of <u>Millbrook</u> as the basis for his motion and that he had not "come forward with any factors or other considerations to warrant [Rule 60(b)(6) relief] except that he was adversely affected by a post-judgment change in the law." <u>See</u> Dist. Ct. Dkt. No. 193 at ECF p. 3. The District Court noted various defenses that defendants had presented regarding Knight's FTCA claims, which Knight had not addressed in his Rule 60(b)(6) motion or in any later briefing. Knight timely appealed.

We review the District Court's denial of Knight's Rule 60(b)(6) motion for abuse of discretion. <u>See</u> <u>Brown v. Phila. Hous. Auth.</u>, 350 F.3d 338, 342 (3d Cir. 2003). "An abuse of discretion may be found when the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." <u>Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections</u>, 174 F.3d 305, 311 (3d Cir. 1999) (en banc) (internal quotation marks omitted). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. <u>See</u> <u>Murray v. Bledsoe</u>, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Under the circumstances of this case, the District Court did not abuse its discretion in denying Knight's motion. "[C]ourts are to dispense their broad powers under 60(b)(6) only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." <u>Cox</u>, 757 F.3d at 120 (internal quotation marks omitted). "[W]e have not embraced any categorical rule that a change in decisional law is never an adequate basis for Rule 60(b)(6) relief." <u>Id.</u> at 121. Rather, "we have long

3

employed a flexible, multifactor approach to Rule 60(b)(6) motions, including those built upon a post-judgment change in the law, that takes into account all the particulars of a movant's case." Id. at 122.

The only argument Knight has made in support of his Rule 60(b)(6) motion both initially and after remand is that Millbrook changed the law that applied to his FTCA claims. He has not identified any other factors in support of his motion, as the District Court observed. Knight has not clarified his argument on appeal, and he has had several opportunities to show how extraordinary circumstances apply to his case. Accordingly, we will summarily affirm the District Court's judgment.[1]

---

[1] In light of our disposition, Knight's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).