(Slip Opinion) OCTOBER TERM, 2012 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## MILLBROOK *v.* UNITED STATES

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 11–10362.   Argued February 19, 2013—Decided March 27, 2013

The Federal Tort Claims Act (FTCA) waives the Government's sovereign immunity from tort suits, but excepts from that waiver certain intentional torts, 28 U. S. C. §2680(h).  Section §2680(h), in turn, contains a proviso that extends the waiver of immunity to claims for six intentional torts, including assault and battery, that are based on the "acts or omissions" of an "investigative or law enforcement officer" *i.e.,* a federal officer "who is empowered by law to execute searches, to seize evidence, or to make arrests."  Petitioner Millbrook, a federal prisoner, sued the United States under the FTCA, alleging, *inter alia,* assault and battery by correctional officers.  The District Court granted the Government summary judgment, and the Third Circuit affirmed, hewing to its precedent that the "law enforcement proviso" applies only to tortious conduct that occurs during the course of executing a search, seizing evidence, or making an arrest.

*Held*: The law enforcement proviso extends to law enforcement officers' acts or omissions that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity, or are executing a search, seizing evidence, or making an arrest.  The proviso's plain language supports this conclusion.  On its face, the proviso applies where a claim arises out of one of six intentional torts and is related to the "acts or omissions" of an "investigative or law enforcement officer."  §2680(h).  And by cross-referencing §1346(b), the proviso incorporates an additional requirement that the "acts or omissions" occur while the officer is "acting within the scope of his office or employment."  §1346(b)(1).  Nothing in §2680(h)'s text supports further limiting the proviso to conduct arising out of searches, seizures of evidence, or arrests.  The FTCA's only reference to those terms is in §2680(h)'s definition of "investiga-

tive or law enforcement officer," which focuses on the *status* of persons whose conduct may be actionable, not the types of activities that may give rise to a claim. This confirms that Congress intended immunity determinations to depend on a federal officer's legal authority, not on a particular exercise of that authority. Nor does the proviso indicate that a waiver of immunity requires the officer to be engaged in investigative or law enforcement activity. The text never uses those terms. Had Congress intended to further narrow the waiver's scope, it could have used language to that effect. See *Ali* v. *Federal Bureau of Prisons*, 552 U. S. 214, 227. Pp. 4−8.

477 Fed. Appx. 4, reversed and remanded.

THOMAS, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

_____

No. 11–10362

_____

## KIM MILLBROOK, PETITIONER *v.* UNITED STATES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE THIRD CIRCUIT

[March 27, 2013]

JUSTICE THOMAS delivered the opinion of the Court.

Petitioner Kim Millbrook, a prisoner in the custody of the Federal Bureau of Prisons (BOP), alleges that correctional officers sexually assaulted and verbally threatened him while he was in their custody. Millbrook filed suit in Federal District Court under the Federal Tort Claims Act, 28 U. S. C. §§1346(b), 2671–2680 (FTCA or Act), which waives the Government's sovereign immunity from tort suits, including those based on certain intentional torts committed by federal law enforcement officers, §2680(h). The District Court dismissed Millbrook's action, and the Court of Appeals affirmed. The Court of Appeals held that, while the FTCA waives the United States' sovereign immunity for certain intentional torts by law enforcement officers, it only does so when the tortious conduct occurs in the course of executing a search, seizing evidence, or making an arrest. Petitioner contends that the FTCA's waiver is not so limited. We agree and reverse the judgment of the Court of Appeals.[1]

_____

[1] Because no party defends the judgment, we appointed Jeffrey S. Bucholtz to brief and argue this case, as *amicus curiae*, in support of the judgment below. 568 U. S. ___ (2012). *Amicus* Bucholtz has ably

I

A

The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort." *Levin* v. *United States*, 568 U. S. ___, ___ (2013) (slip op., at 2) (internal quotation marks omitted). The Act gives federal district courts exclusive jurisdiction over claims against the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of a federal employee "acting within the scope of his office or employment." 28 U. S. C. §1346(b)(1). This broad waiver of sovereign immunity is subject to a number of exceptions set forth in §2680. One such exception, relating to intentional torts, preserves the Government's immunity from suit for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." §2680(h). We have referred to §2680(h) as the "intentional tort exception." *Levin, supra,* at ___ (slip op., at 2) (internal quotation marks omitted).

In 1974, Congress carved out an exception to §2680(h)'s preservation of the United States' sovereign immunity for intentional torts by adding a proviso covering claims that arise out of the wrongful conduct of law enforcement officers. See Act of Mar. 16, 1974, Pub. L. 93–253, §2, 88 Stat. 50. Known as the "law enforcement proviso," this provision extends the waiver of sovereign immunity to claims for six intentional torts, including assault and battery, that are based on the "acts or omissions of investigative or law enforcement officers." §2680(h). The proviso defines "'investigative or law enforcement officer'" to mean "any officer of the United States who is empowered

——————

discharged his assigned responsibilities, and the Court thanks him for his well-stated arguments.

by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Ibid.*

### B

On January 18, 2011, Millbrook filed suit against the United States under the FTCA, asserting claims of negligence, assault, and battery. In his complaint, Millbrook alleged that, on March 5, 2010, he was forced to perform oral sex on a BOP correctional officer, while another officer held him in a choke hold and a third officer stood watch nearby. Millbrook claimed that the officers threatened to kill him if he did not comply with their demands. Millbrook alleged that he suffered physical injuries as a result of the incident and, accordingly, sought compensatory damages.

The Government argued that the FTCA did not waive the United States' sovereign immunity from suit on Millbrook's intentional tort claims, because they fell within the intentional tort exception in §2680(h). The Government contended that §2680(h)'s law enforcement proviso did not save Millbrook's claims because of the Third Circuit's binding precedent in *Pooler* v. *United States*, 787 F. 2d 868 (1986), which interpreted the proviso to apply only to tortious conduct that occurred during the course of "executing a search, seizing evidence, or making an arrest." *Id.,* at 872. The District Court agreed and granted summary judgment for the United States because the alleged conduct "did not take place during an arrest, search, or seizure of evidence." Civ. Action No. 3:11–cv–00131 (MD Pa., Feb. 16, 2012), App. 96.[2] The Third Circuit affirmed. 477 Fed. Appx. 4, 5–6 (2012) (*per curiam*).

We granted certiorari, 567 U. S. \_\_\_ (2012), to resolve a Circuit split concerning the circumstances under which

---

[2] The District Court also concluded that Millbrook failed to state an actionable negligence claim because "it is clear that the alleged assault and battery was intentional." App. 96. This issue is not before us.

intentionally tortious conduct by law enforcement officers can give rise to an actionable claim under the FTCA. Compare *Pooler*, *supra*; and *Orsay* v. *United States Dept. of Justice*, 289 F. 3d 1125, 1136 (CA9 2002) (law enforcement proviso "reaches only those claims asserting that the tort occurred *in the course of investigative or law enforcement activities*" (emphasis added)); with *Ignacio* v. *United States*, 674 F. 3d 252, 256 (CA4 2012) (holding that the law enforcement proviso "waives immunity whenever an investigative or law enforcement officer commits one of the specified intentional torts, *regardless of whether the officer is engaged in investigative or law enforcement activity*" (emphasis added)).

## II

The FTCA waives the United States' sovereign immunity for certain intentional torts committed by law enforcement officers. The portion of the Act relevant here provides:

> "The provisions of this chapter and section 1346(b) of this title shall not apply to—
>
> .          .          .          .          .
>
> "(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising . . . out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." 28 U. S. C. §2680(h).

On its face, the law enforcement proviso applies where a claim both arises out of one of the proviso's six intentional

torts, and is related to the "acts or omissions" of an "investigative or law enforcement officer." The proviso's cross-reference to §1346(b) incorporates an additional requirement that the acts or omissions giving rise to the claim occur while the officer is "acting within the scope of his office or employment." §1346(b)(1). The question in this case is whether the FTCA further limits the category of "acts or omissions" that trigger the United States' liability.[3]

The plain language of the law enforcement proviso answers when a law enforcement officer's "acts or omissions" may give rise to an actionable tort claim under the FTCA. The proviso specifies that the conduct must arise from one of the six enumerated intentional torts and, by expressly cross-referencing §1346(b), indicates that the law enforcement officer's "acts or omissions" must fall "within the scope of his office or employment." §§2680(h), 1346(b)(1). Nothing in the text further qualifies the category of "acts or omissions" that may trigger FTCA liability.

A number of lower courts have nevertheless read into the text additional limitations designed to narrow the scope of the law enforcement proviso. The Ninth Circuit, for instance, held that the law enforcement proviso does not apply unless the tort was "committed in the course of investigative or law enforcement activities." *Orsay*, *supra*, at 1135. As noted, the Third Circuit construed the law enforcement proviso even more narrowly in holding that it applies only to tortious conduct by federal officers during the course of "executing a search, seizing evidence, or making an arrest." *Pooler*, 787 F. 2d, at 872. Court-

―――――――

[3] The Government conceded in the proceedings below that the correctional officer whose alleged conduct is at issue was acting within the scope of his employment and that the named correctional officers qualify as "investigative or law enforcement officers" within the meaning of the FTCA. App. 54–55, 84–85; Brief for United States 30. Accordingly, we express no opinion on either of these issues.

appointed *amicus curiae* (*Amicus*) similarly asks us to construe the proviso to waive "sovereign immunity only for torts committed by federal officers acting in their capacity as 'investigative or law enforcement officers.'" Brief for *Amicus* 5. Under this approach, the conduct of federal officers would be actionable only when it "aris[es] out of searches, seizures of evidence, arrests, and closely related exercises of investigative or law-enforcement authority." *Ibid.*

None of these interpretations finds any support in the text of the statute. The FTCA's only reference to "searches," "seiz[ures of] evidence," and "arrests" is found in the statutory definition of "investigative or law enforcement officer." §2680(h) (defining "'investigative or law enforcement officer'" to mean any federal officer who is "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law"). By its terms, this provision focuses on the *status* of persons whose conduct may be actionable, not the types of activities that may give rise to a tort claim against the United States. The proviso thus distinguishes between the acts for which immunity is waived (*e.g.*, assault and battery), and the class of persons whose acts may give rise to an actionable FTCA claim. The plain text confirms that Congress intended immunity determinations to depend on a federal officer's legal authority, not on a particular exercise of that authority. Consequently, there is no basis for concluding that a law enforcement officer's intentional tort must occur in the course of executing a search, seizing evidence, or making an arrest in order to subject the United States to liability.

Nor does the text of the proviso provide any indication that the officer must be engaged in "investigative or law enforcement activity." Indeed, the text never uses the term. *Amicus* contends that we should read the reference to "investigative or law-enforcement officer" as implicitly

limiting the proviso to claims arising from actions taken in an officer's investigative or law enforcement *capacity*. But there is no basis for so limiting the term when Congress has spoken directly to the circumstances in which a law enforcement officer's conduct may expose the United States to tort liability. Under the proviso, an intentional tort is not actionable unless it occurs while the law enforcement officer is "acting within the scope of his office or employment." §§2680(h), 1346(b)(1). Had Congress intended to further narrow the scope of the proviso, Congress could have limited it to claims arising from "acts or omissions of investigative or law enforcement officers *acting in a law enforcement or investigative capacity*." See *Ali* v. *Federal Bureau of Prisons*, 552 U. S. 214, 227 (2008). Congress adopted similar limitations in neighboring provisions, see §2680(a) (referring to "[a]ny claim based upon an act or omission of an employee of the Government . . . *in the execution of a statute or regulation*" (emphasis added)), but did not do so here. We, therefore, decline to read such a limitation into unambiguous text. *Jimenez* v. *Quarterman*, 555 U. S. 113, 118 (2009) ("[W]hen the statutory language is plain, we must enforce it according to its terms"); *Barnhart* v. *Sigmon Coal Co.*, 534 U. S. 438, 450 (2002) ("The inquiry ceases if the statutory language is unambiguous and the statutory scheme is coherent and consistent" (internal quotation marks omitted)).

\*　\*　\*

We hold that the waiver effected by the law enforcement proviso extends to acts or omissions of law enforcement officers that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity, or are executing a search, seizing evidence, or making an arrest. Accordingly, we reverse the judgment of the Court of Appeals and remand the case for further proceedings consistent with

this opinion.

*It is so ordered.*