**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| VERNON WENDELL RISBY, | No. 13-57035 |
| Plaintiff - Appellant, | D.C. No. 8:13-cv-00346-CJC-JPR |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Vernon Wendell Risby appeals pro se from the district court's judgment

dismissing his action alleging federal claims in connection with the revocation of

his security clearance.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument, and denies Risby's requests for oral argument set forth in his opening and reply briefs.  *See* Fed. R. App. P. 34(a)(2).

de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Dorfmont v. Brown*, 913 F.2d 1399, 1400-01 (9th Cir. 1990) (dismissal for lack of subject matter jurisdiction). We affirm.

The district court properly dismissed Risby's due process claim because Risby failed to allege facts sufficient to show that he had a protected liberty or property interest in his security clearance. *See Dorfmont*, 913 F.2d at 1403-04 (no due process claim arising out of revocation of a security clearance because there is no liberty or property interest in a security clearance).

The district court properly dismissed Risby's claim alleging a violation of Executive Order No. 12968 because it does not create a private right of action. *See* Exec. Order No. 12968, 60 Fed. Reg. 40245, § 7.2(e) (Aug. 2, 1995) ("This Executive order is . . . not intended to, and does not, create any right to administrative or judicial review, or any other right or benefit or trust responsibility, substantive or procedural, enforceable by a party against the United States, its agencies or instrumentalities, its officers or employees, or any other person."). Risby's contention that *Legal Aid Society of Alameda County v. Brennan*, 608 F.2d 1319 (9th Cir. 1979), warrants a different conclusion is unpersuasive because *Brennan* concerns a different executive order.

The district court properly dismissed Risby's claims under the Federal Tort

Claims Act ("FTCA") because Risby failed to allege facts sufficient to show that defendants violated a state tort law. *See Millbrook v. United States*, 133 S. Ct. 1441, 1443 (2013) (FTCA waives the government's sovereign immunity from tort suits, including those alleging abuse of process and deceit against federal law enforcement officers); *Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion by dismissing Risby's complaint without leave to amend because amendment would be futile. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal of a pro se complaint without leave to amend is proper "if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment" (citation and internal quotation marks omitted)); *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000) (standard of review).

Risby's contention that the district court converted defendants' motion to dismiss into a motion for summary judgment is unpersuasive.

**AFFIRMED.**

13-57035