**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE ESTATE OF ALEX MARTIN, by its authorized representative, Craig Martin; KAREN MARTIN; CRAIG MARTIN, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA; ROY J. SALCEDO; ALEX FISHMAN; MATTHEW SMITH; ANTHONY GALIOTO, <br><br> Defendants-Appellees. | No.    15-56451 <br><br> D.C. No. 3:13-cv-01386-LAB-BGS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted February 8, 2017
Pasadena, California

Before:  GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Plaintiffs-Appellants sued Defendants-Appellees on behalf of Alex Martin,

who died following a police chase.  Appellants challenge the district court's grant

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

of summary judgment against them.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.**  Appellants argue that the act of pulling Martin over, and the manner in which the agents approached his car before the chase, violated his constitutional rights and thus, regardless of whether the agents were later justified in using a taser, they should be held liable under our "provocation doctrine."  *See Mendez v. Cty. of L.A.*, 815 F.3d 1178, 1193 (9th Cir.), *cert. granted in part*, 137 S. Ct. 547 (2016).  But liability under the doctrine is limited to "harms the constitutional violation proximately caused."  *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002).  And Martin's death was not proximately caused by the alleged antecedent violations because it was not a reasonably foreseeable consequence of them.  *See Paroline v. United States*, 134 S. Ct. 1710, 1719 (2014) ("Proximate cause is often explicated in terms of foreseeability or the scope of the risk created by the predicate conduct.").  Therefore, this theory was properly subject to summary judgment.

**2.**  Appellants further argue that the use of a taser constituted excessive force under the balancing test from *Graham v. Connor*, 490 U.S. 386, 396 (1989), thus violating Martin's Fourth Amendment rights and giving way to a *Bivens* claim. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S.

388 (1971). Notwithstanding the deadly consequences of the use of the taser in this particular instance, a taser used in dart mode is an "intermediate, significant level of force." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010); *see also Miller v. Clark Cty.*, 340 F.3d 959, 962 (9th Cir. 2003) ("To be characterized as deadly, force must present 'more than a remote possibility' of death in the circumstances under which it was used." (citation omitted)). Balancing the severity of the crimes against the government's interest in applying the force, we find that this level of force was justified following a high-speed car chase where the agents reasonably suspected that Martin may have been engaged in unlawful activity and reasonably perceived that Martin was reaching toward the center console. Therefore, the use of the taser did not constitute excessive force or violate Martin's Fourth Amendment rights, and summary judgment was proper.

Appellants also assert a state law claim for assault and battery against the United States for this same conduct under the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. §§ 1346(b), 2680(h); *Millbrook v. United States*, 133 S. Ct. 1441, 1444–45 (2013). In evaluating an FTCA claim, "we are required to apply the law of the state in which the alleged tort occurred." *Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006). California law precludes liability because the agents did not use excessive force under our *Graham* inquiry, above. *See Avina v. United*

3

*States*, 681 F.3d 1127, 1131–32 (9th Cir. 2012) (applying this rule to a claim of assault and battery); *Saman v. Robbins*, 173 F.3d 1150, 1156–57, 1157 n.6 (9th Cir. 1999).

**3.** Appellants further asserted state law negligence causes of action against the United States under the FTCA for the agents' preshooting conduct, specifically actions that could have led Martin to believe that the agents were highway robbers masquerading as police officers and, once Martin was stopped, their yelling of contradictory commands. *See Hayes v. Cty. of San Diego*, 305 P.3d 252, 256 (Cal. 2013) (incorporating preshooting conduct into the totality of the circumstances to determine the reasonableness of a shooting and recognizing this as a more searching inquiry than the Fourth Amendment's reasonableness inquiry into excessive force). "To prevail on a negligence claim [under California law], a plaintiff must prove that the defendant owed and breached a legal duty to the plaintiff and that the breach was a proximate cause of damages sustained by the plaintiff." *Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 981 (9th Cir. 1999). These claims were properly subject to summary judgment because Martin's death was not a reasonably foreseeable consequence of the allegedly negligent acts. *See Paroline*, 134 S. Ct. at 1719.

**4.** Appellants' wrongful death claim was properly subject to summary judgment because Appellants' other state law claims do not survive. *See Quiroz v. Seventh Ave. Ctr.*, 45 Cal. Rptr. 3d 222, 226 (Ct. App. 2006).

**AFFIRMED.**