**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID KHALAJ, et al.

Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No.   20-16607

D.C. No. 2:17-cv-04802-DJH-CDB

**MEMORANDUM**[*]

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted May 14, 2021
Pasadena, California

Before: R. NELSON and LEE, Circuit Judges, and STEIN,[**] District Judge.

Upon returning to the United States from a vacation abroad, David Khalaj

and his wife, Juliet Youmaran, engaged in an escalating conflict with Customs and

Border Protection officers, culminating in their arrest and brief prosecution under

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.
[**] The Honorable Sidney H. Stein, United States District Judge for the Southern
District of New York, sitting by designation.

Arizona law. The parties disagree on whether the officers attacked a respectful Khalaj, or whether his conduct raised public safety concerns. Plaintiffs sued the United States for assault, battery, false arrest, and false imprisonment under the Federal Torts Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b), 2671 *et seq*. After extensive discovery, however, the district court granted the government's motion to dismiss, concluding it lacked subject matter jurisdiction because the FTCA's discretionary function exception applied. We affirm.

1. We start with the background presumption that the United States enjoys sovereign immunity from civil suits. *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941) (citations omitted). Nevertheless, Congress, by explicit waiver, may consent to suit in federal court. *See United States v. King*, 395 U.S. 1, 4 (1969). And under the FTCA, 28 U.S.C. §§ 2671 *et seq.*, the federal government waived sovereign immunity to certain common law tort claims and created a private cause of action for them.

But Congress did not waive sovereign immunity for all torts. Rather, it exempted, in relevant part, "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, [or] abuse of process." 28 U.S.C. § 2680(h). Further, Section 2680(a) — the "discretionary function exception" — excludes from the FTCA's waiver of sovereign immunity:

> *Any claim* based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not

2

such statute or regulation be valid, or *based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency of an employee of the Government, whether or not the discretion involved be abused.*

28 U.S.C. § 2680(a) (emphasis added). This discretionary exception function embodies Congress's attempts to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984).

We apply a two-step analysis when determining whether conduct falls under the discretionary-function exception. *Sabow v. United States*, 93 F.3d 1445, 1451 (9th Cir. 1996). "First, we ask whether the challenged actions involve an 'element of judgment or choice.'" *Id*. (quoting *United States v. Gaubert*, 499 U.S. 315, 322 (1991)). "If a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow[,]' the act is not discretionary because 'the employee has no rightful option but to adhere to the directive.'" *Nieves Martinez v. United States*, --- F.3d ---, 2021 WL 1881388 at *6 (9th Cir. 2021) (quoting *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). If "the challenged actions involve an element of choice or judgment," then we ask "whether that judgment is the kind that the discretionary function exception was designed to shield." *Gaubert*, 499 U.S. at 322-23. Discretionary functions are exempted if they are "susceptible to policy analysis." *Id*. at 325.

3

Adding a wrinkle to our analysis, in 1974 Congress amended the FTCA, enacting the "law enforcement proviso:" It extends Section 1346(b) to claims pertaining to law enforcement officers' intentional torts. See Act of Mar. 16, 1974, Pub. L. 93-253 § 2, 88 Stat. 50. In relevant part, it provides that:

> [W]ith regard to acts or omissions of law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising . . . out of *assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution*.

28 U.S.C. § 2680(h) (emphasis added). Decades later, in *Millbrook v. U.S.*, the Supreme Court clarified that "the waiver . . . extends to acts or omissions of law enforcement officers that arise within the scope of their employment, regardless" of the activities in which the officers are engaged at the time of the offense. 569 U.S. 50, 57 (2013). Yet, despite recognizing that "[n]othing in the text" of the law enforcement proviso "further qualifies the category of 'acts or omissions' that may trigger FTCA liability," the Court never resolved how lower courts should adjudicate conflicts between it and the FTCA's other exceptions to the waiver of sovereign immunity. *Id.* at 55.

Fortunately, we previously answered that question: "If a defendant can show that the tortious conduct involves a 'discretionary function,' a plaintiff cannot maintain an FTCA claim, even if the discretionary act constitutes an intentional tort under § 2680(h) [*i.e.*, the law enforcement proviso]." *Gasho v. United States*, 39 F.3d 1420, 1435 (9th Cir. 1994). When the discretionary function exception applies,

4

the law enforcement proviso cannot supersede it.

As the district court recognized, and plaintiffs concede, there is no "federal statute, regulation or policy" that "specifically prescribes a course of action" for CBP officers to follow in implementing or executing the customs-clearing policy at issue here. *Gaubert*, 499 U.S. at 322 (quoting *Berkovitz*, 486 U.S. at 536). Nor does federal or state law provide clear mandates for how federal officers should deal with unruly travelers while executing it. Instead, the relevant statute pertaining to the officers' conduct provides that "all persons coming into the United States from foreign countries shall be liable to detention and search by authorized officers or agents of the Government." 19 U.S.C. § 1582. Likewise, the relevant regulation makes clear that:

> All persons, baggage, and merchandise arriving in the Customs territory of the United States from places outside thereof are liable to inspection and search by a Customs officer . . . if such action is deemed necessary or appropriate.

19 C.F.R. § 162.6. Similarly, "[a] Customs officer *may* stop, search, and examine any . . . person." 19 C.F.R. § 162.7 (emphasis added).

Far from constraining discretion, the statutory and regulatory language *grants* it to CBP officers while stopping and searching travelers, including Plaintiffs. *See Gonzales v. United States*, 814 F.3d 1022, 1030 (9th Cir. 2016) ("A 'case-by-case' evaluation presumes significant officer discretion." (quoting *Weissich v. United States*, 4 F.3d 812, 814 (9th Cir. 1993))).

5

At step two, the officers' conduct in implementing CBP policy – restraining Khalaj and Youmaran, detaining them pending a final prosecutorial decision, and seizing Youmaran's phone – was, "by its nature, susceptible to a policy analysis." *See Miller v. United States,* 163 F.3d 591, 593-96 (9th Cir. 1998) (holding that "balancing [] considerations including cost, public safety, [agent] safety, and resource damage" "reflect the type of economic, social and political concerns that the discretionary function exception is designed to protect"); *Bailey v. United States*, 623 F.3d 855 (9th Cir. 2010) (explaining that "balancing *competing* safety considerations *is* a protected policy judgement").

Applying the CBP policy here implicated policy considerations. Allowing passengers to leave customs without their baggage or party members threatens the security of fellow passengers, CBP officers, and the airport. Moreover, because Khalaj and Youmaran were traveling internationally, the officers' actions "implicate[d] issues of foreign policy." *See Mirmedhi v. United States*, 689 F.3d 975, 984 (9th Cir. 2012). Perhaps Khalaj's suitcase contained hazardous materials: Leaving it at customs would present a threat. If agents had permitted Khalaj to exit the premises alone, the agency would have needed to expend significantly more resources should they have subsequently needed to locate him. Likewise, Khalaj's hypoglycemia presented the officers with a particular consideration about *his* safety. Regardless, the officers did not need to evaluate these countervailing considerations

6

in the moment: discretionary actions "need not actually be grounded in policy considerations" when "susceptible to a policy analysis." *Miller*, 163 F.3d at 593. And "so long as a decision involves even two competing interests, it is 'susceptible' to policy analysis and is thus protected by the discretionary function exception." *Bailey,* F.3d at 863.

Because the federal government under the FTCA did not waive its sovereign immunity for its agents' discretionary actions performed in the scope of their employment, the district court lacked jurisdiction over Plaintiffs' claims.[*]

**AFFIRMED**.

---

[*] On appeal, Plaintiffs assert a constitutional claim, arguing that Fourth Amendment divests officers of discretion to engage in unprovoked and unconstitutional torts. Plaintiffs, however, failed to raise a constitutional claim before the district court, thereby forfeiting it on appeal. Without that claim, the officers' conduct falls into the orbit of the discretionary function exception. Plaintiffs also allege that the district court applied the wrong standard of review to the government's motion to dismiss. Consequently, they contend, the court dismissed the case despite the presence of genuine disputes of material fact. But even viewed in the light most favorable to Plaintiffs, the officers' actions here were clearly "susceptible to policy analysis." *Gaubert*, 499 U.S. at 325.