[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13864

Non-Argument Calendar

_____

CLIFFORD DEVINE,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:18-cv-00195-JRH-BKE

_____

Before WILSON and LUCK, Circuit Judges.*

PER CURIAM:

Clifford Devine, an army civilian contractor, was detained by Department of the Army Civilian Police officers during a "terrorist on base" drill at Fort Gordon, Georgia. He sued the government under the Federal Tort Claims Act for negligent failure to warn, battery, and false imprisonment. The government moved to dismiss, arguing that the arresting officers were not "investigative or law enforcement officers," as defined in the Act, *see* 28 U.S.C. § 2860(h), so Devine's claims were barred by sovereign immunity. The district court agreed and granted the government's motion to dismiss on that basis.

Devine moved for reconsideration, which the district court denied, arguing that the district court erred by not applying a status-based test in *Millbrook v. United States*, 569 U.S. 50 (2013), to determine whether the arresting officers were law enforcement officers. On appeal, the government now concedes that the arresting officers were law enforcement officers and asks that we summarily reverse and remand for further proceedings. Having independently reviewed the record, we agree.

The Federal Tort Claims Act waives the government's sovereign immunity for claims against the United States and its agents

---

* This opinion is being entered by a quorum pursuant to 28 U.S.C. § 46(d).

based on the "acts or omissions of investigative or law enforcement officers." 28 U.S.C. § 2680(h); *Millbrook*, 569 U.S. at 52–53. The Act defines "'investigative or law enforcement officer'" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). In *Millbrook*, the Supreme Court explained that this waiver "focuses on the *status* of persons whose conduct may be actionable"—i.e., whether they have the legal authority to conduct investigations, make arrests, and enforce federal law—and not on the conduct giving rise to the claim. 569 U.S. at 56.

Here, Devine alleged that he was detained by federal agents, and the government concedes that "Devine was detained by officers of the Department of the Army Civilian Police force." As the government now also concedes, these officers have the legal authority to conduct investigations, make arrests, and enforce federal law, *see* 10 U.S.C. § 2672(b)(1), (c), and are, thus, "investigative or law enforcement officers" as defined by the Act, *see* 28 U.S.C. § 2680(h). Devine also alleged that he was "arrested" and "handcuffed" by "officers" and "agents of the United States," which, viewed in the light most favorable to Devine, supports the inference that the officers who detained him had the authority to do so.

Because the government concedes that the arresting officers were law enforcement officers under the Federal Tort Claims Act, one side is "clearly right as a matter of law," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), so we grant the

4                    Opinion of the Court                    20-13864

government's motion for summary reversal and remand to the district court for further proceedings.

**MOTION FOR SUMMARY REVERSAL GRANTED; REMANDED FOR FURTHER PROCEEDINGS**