[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11471

Non-Argument Calendar

_____

BENJAMIN TILLMAN,

Plaintiff-Appellant,

*versus*

OFFICER LAWRIMORE,
U.S. Probation Officer/Investigator,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-00756-ELR

_____

Before JORDAN, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Benjamin Tillman, proceeding *pro se*, appeals the dismissal of his complaint alleging that U.S. Probation Officer Lawrimore[1] fraudulently denied his request to transfer his probation supervision to Georgia. Tillman's complaint failed to state a claim upon which relief could be granted. Thus, we affirm the district court's dismissal of his case.

## I.    BACKGROUND

In 1997, Tillman was convicted in the United States District Court for the Northern District of Florida of conspiracy to possess with intent to distribute cocaine base, and he was sentenced by the district court to 480 months of imprisonment and 10 years of supervised release. After Tillman's sentence was reduced under the First Step Act,[2] he was released from prison and began to serve his term of supervised release.

While on supervised release, Tillman sought to move from Pensacola, Florida to the Atlanta, Georgia metropolitan area to be with his family and fiancée. Under the terms of his supervised release, he could not leave the judicial district without permission

---

[1] The complaint does not include Officer Lawrimore's first name.

[2] First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222.

from the court or his probation officer.[3] He filed a motion in the district court requesting permission to move out of the district. The district court entered an order denying his motion to transfer residence because the probation office was not accepting any transfers of supervision at the time due to the COVID-19 pandemic.

Several months later, Tillman filed a second administrative request to transfer residence, now seeking to move with his fiancée to a different address in the Atlanta area. He claimed that he had secured an apartment in Georgia and had a potential job opportunity. His transfer request was reviewed by Lawrimore, who, after investigating Tillman's plans for employment and housing, determined that they were too tenuous to support a transfer of supervision. Lawrimore ultimately denied the request because he believed that transfer might jeopardize Tillman's future compliance with the terms of his supervised release.

Tillman filed another motion with the district court, asking it to intervene in his relocation conflict with Lawrimore. According to Tillman, Lawrimore had committed fraud, falsified a document, and investigated the transfer in bad faith. Tillman alleged that Lawrimore based the transfer denial on the false claim that the leasing agency for the apartment where Tillman planned to live refused to

---

[3] A person serving a term of supervised release may be transferred to a new district of supervision with the permission of the probation officers of both the transferring and receiving districts. 28 C.F.R. § 2.206(f). Although the record does not include a copy of Tillman's administrative request, the government has never argued that Tillman failed to file such a request.

rent to people with felony convictions. Tillman submitted an email as evidence that the leasing agency had, in fact, approved Tillman's living there despite his prior felony conviction.

The district court denied the motion and cited three letters from the probation office detailing the transfer investigation. Tillman filed a motion for reconsideration, again alleging that Lawrimore had made false statements. According to Tillman, Lawrimore: falsely stated that the leasing agency refused to allow convicted felons to live there, persuaded Tillman's prospective employer not to hire Tillman, and misrepresented statements from Tillman's fiancée. Tillman included an affidavit in which his fiancée stated that, in his letter denying Tillman's transfer, Lawrimore had misrepresented her statements. The district court denied the motion for reconsideration.

Tillman persevered. Instead of continuing to pursue his transfer as a criminal matter in the district court in Florida, he filed a civil suit against Lawrimore in the United States District Court for the Northern District of Georgia. In this lawsuit, he alleged that Lawrimore erroneously denied his transfer and made false statements about the lease to the probation office. Tillman specifically alleged that Lawrimore grounded his decision to deny the transfer request on the fraudulent basis that the apartment complex where Tillman planned to live had a policy of denying applications from people with felony convictions. Tillman reported that the leasing agent told the probation officers that he met the community's qualifications and was approved to live there.

The complaint sought sanctions for Lawrimore's conduct and another chance for Tillman to submit his request to transfer supervision to Georgia. The complaint mentioned 18 U.S.C. § 1001, which imposes criminal penalties for making false statements to the federal government. Tillman styled his claim as a *Bivens* action, which allows a plaintiff to recover damages from a federal officer who has violated the plaintiff's constitutional rights. *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

Tillman requested permission to file his complaint *in forma pauperis*, which a magistrate judge granted. In a report and recommendation ("R&R"), the judge screened Tillman's complaint to determine whether it was frivolous, malicious, or failed to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B). First, the magistrate judge concluded that Tillman sought relief that was unavailable in a *Bivens* action. Second, the magistrate judge explained that, because the complaint raised the same issues and arguments as the motions decided by the district court in Tillman's criminal case, the district court in the civil case could not rule on the complaint and thereby reconsider another district court's decision. Third, the magistrate judge noted that Tillman failed to state a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80. The magistrate judge recommended that the district court dismiss the case.

Tillman objected to the magistrate judge's recommendation because it failed to provide notice that the court would

recharacterize his complaint—which had asked the court to take judicial notice of Lawrimore's fraud and sanction him—as a *Bivens* action. The district court found that, "to the degree that notice [was] required," the magistrate judge's R&R had provided proper notice that Tillman's claim would be characterized as a recognized cause of action to provide the court with jurisdiction. Doc. 9 at 3.[4] The district court ruled that Tillman had failed to state a *Bivens* claim because there was no recognized *Bivens* remedy in this context. Nor did he state a claim under the FTCA because he failed to raise an equivalent claim under state law. The court adopted the magistrate judge's R&R and dismissed Tillman's complaint.

Tillman filed this appeal.

## II.    STANDARD OF REVIEW

We review *de novo* a district court's *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a viable claim, using the same standards that govern dismissals under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). We accept the allegations in the complaint as true. *Id.* To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To be facially plausible, the plaintiff must plead facts that allow the court to draw the

---

[4] "Doc." numbers refer to the district court's docket entries.

reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## III.   DISCUSSION

We affirm the district court's dismissal of Tillman's complaint on two grounds, each sufficient on its own to support dismissal. First, although Tillman is proceeding *pro se* and we thus must construe his pleadings liberally, he did not challenge the district court's dismissal in his briefing in more than a perfunctory manner and therefore has abandoned this issue on appeal. Second, even if he had not abandoned the issue, he failed to state a claim in his complaint because he provided insufficient facts or allegations to add up to a *Bivens* or an FTCA claim. We address each issue in turn.

## A.   Abandonment on Appeal

A document filed *pro se* must be liberally construed. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). We do not act as a party's attorney, however, nor do we rewrite a pleading to help the party sustain an action. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). Issues not briefed on appeal, even by *pro se* appellants, are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). An appellant abandons a claim when he makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Tillman has abandoned any challenge to the district court's ruling that his complaint failed to state a viable claim. Although Tillman states in his brief that the district court abused its discretion, he argues only that he provided sufficient documentary evidence to the district court to prove that Lawrimore engaged in fraud in violation of federal law. He fails to argue that the district court erred by misconstruing his complaint or by concluding that it did not state a viable *Bivens* or FTCA claim. Moreover, Tillman does not argue that the allegations in his complaint supported a different type of claim.

He argues instead that the district court dismissed his complaint "by using technicalities." Appellant's Br. at 2 (emphasis omitted). This single sentence is insufficient to raise the issue of whether the district court erred in concluding that his complaint failed to state a claim. "Any issue that an appellant wants the Court to address should be specifically and clearly identified in the brief. . . . Otherwise, the issue . . . will be considered abandoned." *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (internal quotation marks omitted). Tillman did not clearly identify the district court's error, nor did he "advanc[e] any arguments or cit[e] any authorities" to explain why it was error. *Sapuppo*, 739 F.3d at 681. Accordingly, he has abandoned any challenge to the dismissal of his complaint. *See id.* at 680–82. This alone provides a basis to affirm the district court's dismissal.

## B.    Failure to State a Claim

Even if Tillman had not abandoned his challenge to the complaint's dismissal, the district court did not err in dismissing the complaint because it failed to state a claim: it lacked facts that matched up with a cognizable legal claim. The district court, liberally construing the complaint, characterized it as making out either a *Bivens* claim or an FTCA claim. Tillman's complaint also might have alleged a violation of 18 U.S.C. § 1001. But none of these claims was sufficiently supported by factual allegations.

To properly state a claim, the plaintiff must include enough facts to allow the court to "draw the reasonable inference" that the defendant committed actionable misconduct. *See Ashcroft*, 556 U.S. at 678. For a *Bivens* claim, the plaintiff must allege that a federal officer, using federal authority, violated the plaintiff's constitutional rights. *See Bivens*, 403 U.S. at 397. The plaintiff must also show that he has no other way to obtain relief, and that there are no "special factors" that might make a court hesitate to award money damages. *Hardison v. Cohen*, 375 F.3d 1262, 1264 (11th Cir. 2004).

Tillman's complaint did not include any of these elements. True, the district court can discern from the complaint that Lawrimore is a federal probation officer acting with federal authority, but Tillman's complaint does not identify any constitutional rights that Lawrimore allegedly violated. Because the complaint lacked this information, it failed to state a claim for relief. *See Stevens v. Osuna*, 877 F.3d 1293, 1309–10 (11th Cir. 2017) (affirming dismissal

of the plaintiff's *Bivens* claims because they alleged that the defendant had merely committed "various alleged wrongs" instead of constitutional violations). Thus, we affirm the district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

Tillman also failed to state a claim under the FTCA. The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort." *Millbrook v. United States*, 569 U.S. 50, 52 (2013) (internal quotation marks omitted). The FTCA gives federal courts exclusive jurisdiction over claims against the United States for "injury or loss of property . . . caused by the negligent or wrongful act or omission" of a federal employee "acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

The FTCA does not create a substantive cause of action against the United States but rather provides a mechanism by which a plaintiff may bring a state law tort action against the federal government, in federal court. *See Stone v. United States*, 373 F.3d 1129, 1130 (11th Cir. 2004). Under the FTCA, the United States is subject to liability in a tort action in the same manner, and to the same extent, that a private individual would be under the law of the place where the tort occurred. *See* 28 U.S.C. § 1346(b)(1). Importantly, "unless the facts support liability under state law, the district court lacks subject matter jurisdiction to decide an FTCA claim." *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001).

The district court did not err in concluding that Tillman's FTCA claim failed. There is no tort liability under state law for Lawrimore's conduct—denying a transfer request from a person on federal supervised release to move from one state to another— even if the denial was based on false information. *See* 28 U.S.C. § 1346(b)(1); *Zelaya v. United States*, 781 F.3d 1315, 1323 (11th Cir. 2015) (explaining that the federal government is not liable "absent a showing by the plaintiff that a private individual who had acted as did the federal employee, in like circumstances, would be liable for the particular tort under governing state law where the tort oc- curred"). We affirm the district court's dismissal on this ground.

Under a liberal reading of the complaint, Tillman also al- leged that Lawrimore falsified information in violation of a federal criminal law. But this allegation, too, is insufficient to state a claim. In his letter denying Tillman's transfer request, Lawrimore stated that the apartment complex where Tillman planned to live did not allow people with felony convictions to reside there. Tillman of- fered an email from the leasing agent that contradicted Law- rimore's statement. The agent said that she had told the probation officers that Tillman's "background check came back clear, and [he was] approved to live [t]here." Doc. 1-1 at 5. The complaint alleged that the leasing agent's statement is "in direct conflict" with Law- rimore's statement and then cited to 18 U.S.C. § 1001. *Id.* at 2–3.

Tillman seems to have alleged that Lawrimore's statement violated the statute's prohibition on knowingly making false state- ments to the federal government. But it did not. 18 U.S.C. § 1001 is

a criminal statute; violators can be fined or imprisoned. 18. U.S.C. § 1001(a). Thus, only the government can charge someone with a violation of the statute. Tillman cannot use it in a civil suit against his probation officer. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1303 (11th Cir. 2008) (noting that federal law does not create a "private right of action any time a civil plaintiff" alleges the violation of a federal criminal statute). Under this theory, too, it was not error for the district court to dismiss Tillman's complaint for failure to state a claim.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the district court.

**AFFIRMED**