NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEOFFREY GRAY, et al.,

              Plaintiffs-Appellants,

v.

WASHINGTON DEPARTMENT OF
TRANSPORTATION, et al.,

              Defendants-Appellees.

No.   23-3278

D.C. No. 3:23-cv-05418-DGE

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
David Estudillo, District Judge, Presiding

Argued and Submitted November 19, 2024
Seattle, Washington

Before:  McKEOWN, H.A. THOMAS, and DESAI, Circuit Judges.

Geoffrey Gray and 59 other former employees (collectively, "Employees") of

the Washington State Department of Transportation ("WSDOT") appeal from the

district court's order dismissing, without leave to amend, Employees' federal

constitutional claims against WSDOT and four of its officials. The court based its

decision on WSDOT's sovereign immunity and the officials' qualified immunity.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

On appeal, Employees limit their claims to those arising under the Due Process Clause, the Equal Protection Clause, and the Free Exercise Clause.

We have jurisdiction under 28 U.S.C. § 1291. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 870 (9th Cir. 2004). We review de novo a district court's dismissal based on qualified immunity. *Polanco v. Diaz*, 76 F.4th 918, 925 (9th Cir. 2023). We review for abuse of discretion a district court's denial of leave to amend. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 839 (9th Cir. 2020) (as amended). Denying leave to amend is proper when amendment would be futile. *Id.* at 845. We affirm.

To pierce the protections of qualified immunity, Employees must allege a violation of a constitutional right that was "clearly established" at the time of the action. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Employees forfeited their challenges to the officials' qualified immunity arguments for the equal protection and free exercise claims. Employees failed to substantively contest the officials' assertions of qualified immunity in the district court. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (explaining that issues that are not "specifically and distinctly" argued may be deemed forfeited); *Olea-Serefina v. Garland*, 34 F.4th 856, 867 (9th Cir. 2022) (noting that "purely conclusory" contentions "devoid of supporting factual detail or legal argument" may constitute forfeiture of the claims they purport to support).

23-3278

The district court did not err in dismissing Employees' due process claims. Employees allege the infringement of multiple rights under the rubric of due process. At oral argument, Employees raised for the first time on appeal a right to bodily autonomy. But this right to bodily autonomy sounds in *substantive* due process, *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997), and Employees' other claims are predicated on *procedural* due process. Employees failed to make a substantive due process argument "sufficiently for the trial court to rule on it," *Tarpey v. United States*, 78 F.4th 1119, 1126 (9th Cir. 2023), and failed to raise the argument in their appellate briefs. The claim is thus forfeited.

Employees also assert procedural due process rights to notice and hearing procedures. Employees received notice of the vaccination policy, the exemption and accommodation decision, and the potential for termination, and WSDOT offered Employees "pretermination opportunit[ies] to respond" via written submissions and meetings. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). Even if *Loudermill* could be read as clearly established law with respect to the accommodation process, and we are doubtful that it can, Employees received as much notice and process as the law required. *Id.*

Finally, Employees assert a right to an impartial decisionmaker (or right to be free from "sham" or "pretext[ual]" proceedings). Where due process requires an opportunity to be heard, the proceeding must involve a decisionmaker who has not

"prejudged" the issue. *See, e.g.*, *Stivers v. Pierce*, 71 F.3d 732, 741 (9th Cir. 1995). But the officials are entitled to qualified immunity because the contours of the claimed right in the accommodations context were not clearly established or "sufficiently definite" such that a reasonable person in the shoes of one of the officials would have understood that their actions violated that right. *Martinez v. City of Clovis*, 943 F.3d 1260, 1275 (9th Cir. 2019) (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 778–79 (2014)).

The district court did not abuse its discretion in denying leave to amend. Employees argued for leave to amend their complaint for two purposes: to seek relief in the form of reinstatement and to allege additional facts against the officials. "[R]einstatement is a legitimate request for prospective injunctive relief" under the *Ex parte Young* exception to sovereign immunity. *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 842 (9th Cir. 1997).

Even if an amended complaint could circumvent the Eleventh Amendment's restrictions on suit against the officials, Employees' claims would fail. Arguments forfeited in the district court—here, the substantive due process argument and the challenges to qualified immunity for free exercise and equal protection—are not considered upon review of a denial of leave to amend. *Orsay v. U.S. Dep't of Justice*, 289 F.3d 1125, 1136 n.5 (9th Cir. 2002), *abrogated on other grounds by Millbrook v. United States*, 569 U.S. 50 (2013). And the amendments Employees propose do

not cure the deficiencies in their challenges to qualified immunity for procedural due process. Amendment also would be futile as to WSDOT, because the *Ex parte Young* exception applies only to state officials, not state agencies. *See Lawrence Livermore Nat'l Lab.*, 131 F.3d at 839.

We conclude that the district court properly dismissed Employees' claims and did not abuse its discretion in denying leave to amend.

**AFFIRMED.**