**Leon KELLEY, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 03–3104.

United States Court of Appeals, Federal Circuit.

Aug. 5, 2003.

Before LOURIE, CLEVENGER, and RADER, Circuit Judges.

PER CURIAM.

Leon Kelly seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming his removal from his position as a housekeeping aid at a Department of Veterans Affairs hospital. *Kelly v. Dep't of Veterans Affairs*, No. NY0752020090–I–1, 93 M.S.P.R. 303 (Nov. 25, 2002). We *affirm*.

I

Due to an injury, Mr. Kelly was absent from work from May 30, 2000, through the date of his removal on November 23, 2001. The Department of Veterans Affairs ("agency") excused Mr. Kelly's absence by sick leave from May 30, 2000, through June 12, 2000, and by annual leave in lieu of sick leave from June 13, 2000, through July 6, 2000. Mr. Kelly was allowed to take leave without pay from July 7, 2000, through March 31, 2001. The agency however decided on March 23, 2001, that it would not extend Mr. Kelly's leave without pay beyond March 31, 2001. The agency notified Mr. Kelly that his absence was adversely affecting his co-workers and impairing the efficiency of the hospital to which Mr. Kelly was assigned. The agency expressly warned Mr. Kelly that continued absence without leave could result in his removal. Mr. Kelly was also notified of his right to request leave pursuant to the Family and Medical Leave Act ("Act"), and the procedures for seeking leave under the Act.

Mr. Kelly did not seek leave under the Act, and the agency granted no further leave without pay. Accordingly, on April 1, 2001, when Mr. Kelly had not returned to work, the agency placed him on absent without leave status. On October 9, 2001, the agency proposed to remove Mr. Kelly for failure to report for duty for an exten-

sive period of time, absence without leave, inability to maintain a regular work schedule, and failure to follow appropriate leave-requesting procedures. Mr. Kelly was then removed for those reasons, effective November 23, 2001.

Mr. Kelly timely appealed his removal to the Board. Following a hearing, the administrative judge assigned to his appeal sustained each of the agency's grounds for removal, except for the ground of absence without leave which the agency failed to prove. Consistent with our holding in *Lachance v. Devall*, 178 F.3d 1246, 1260 (Fed. Cir.1999), the administrative judge concluded that, since the agency had sustained three grounds for removal and had not indicated any penalty less than removal, the penalty of removal was reasonable.

After Mr. Kelly's petition for review to the full Board was denied, the decision of the administrative judge became the final decision of the Board. Mr. Kelly timely petitioned this court for review of the Board's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

We must affirm the Board's final decision so long as that decision is not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000). Where the Board's decision rests on findings of fact, those findings must be supported by substantial evidence. *Id.* § 7703(c)(3).

As the Board explained in its decision, the law permits an agency to remove an employee for excessive absence even if the absence can be excused because of poor health. Prolonged absence with no foreseeable end can provide just cause for removal because it constitutes a burden that no reasonable employer can efficiently endure. To sustain a charge of excessive absence (failure to report for duty for an

extensive period of time), the agency must prove that (1) the employee was absent for compelling reasons beyond his control so that agency approval or disapproval was immaterial since the employee could not be on the job; (2) the absence continued beyond a reasonable time, and the employee was warned that an adverse action could be taken unless the employee became available for duty; and (3) the position needed to be filled by another employee. *See Allen v. Dep't of the Army*, 76 M.S.P.R. 564, 570 (1997).

After careful review of the evidence, the Board held that the agency had satisfied its burden of proving that Mr. Kelly had been excessively absent. The facts concerning the excessive absence are the same facts necessary to sustain the charge of failure to maintain a regular work schedule. Since Mr. Kelly sought no further leave after March 31, 2001, the Board found that the agency had also sustained its charge of failure to follow appropriate leave-requesting procedures.

In his petition for review to this court, Mr. Kelly does not challenge the law applied by the Board, nor does he assert that the Board's findings are unsupported by evidence. We have reviewed the Board's decision, and conclude that the Board applied the correct law and that substantial evidence supports its decision that the agency sustained Mr. Kelly's removal based on three separate grounds.

In his petition for review, Mr. Kelly refers to correspondence between himself and a Board staff settlement attorney. According to Mr. Kelly, he should have been awarded a $300,000 settlement. The record, however, provides no support for Mr. Kelly's assertion that he is entitled to a settlement.

Because the grounds on which Mr. Kelly was removed must be affirmed by this

court, and because there is no basis on which to find any settlement agreement between Mr. Kelly and the agency, we affirm the final decision of the Board.

Before MICHEL, BRYSON, and DYK, Circuit Judges.