NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KIMBERLY PATRICK,**

*Petitioner*

**v.**

**FEDERAL DEPOSIT INSURANCE CORPORATION,**

*Respondent*

---

2024-1962

---

Petition for review of the Merit Systems Protection Board in No. NY-0752-12-0130-I-6.

---

Decided: March 11, 2026

---

KIMBERLY PATRICK, Parlin, NJ, pro se.

THOMAS J. ADAIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by TARA K. HOGAN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before REYNA, CLEVENGER, and CHEN, *Circuit Judges*.

PER CURIAM.

Kimberly Patrick appeals the final decision of the Merit Systems Protection Board ("Board") sustaining her removal from her position with the Federal Deposit Insurance Corporation ("FDIC") on the charge of excessive absences.[1] *Patrick v. Federal Deposit Insurance Corporation*, No. NY-0752-12-0130-I-6, 2024 WL 1885525 (M.S.P.B. Apr. 29, 2024) ("*Final Order*"). For the reasons stated below, we affirm the Board's decision.

I

Ms. Patrick was a Grade-12 Examiner at the FDIC from 1998 until her removal in 2008. Her duties included "participat[ing] in, and sometimes direct[ing], the examination of banks in order to determine their financial condition, evaluate their management, and ascertain their compliance with applicable laws and regulations." *Final Order* at *1. The relationship between Ms. Patrick and the FDIC first grew strained in 2002. Among other issues, between 2002 and 2007 Ms. Patrick expressed disagreement with various FDIC procedures and policies, disclosed potential wrongdoing, challenged management orders, alleged retaliation and filed a civil action against the FDIC in 2007. *See Doe v. FDIC*, No. 07-CV-9435 BSJ RLE, 2012 WL 642117, at *1 (S.D.N.Y. Feb. 27, 2012), *aff'd,* 545 Fed.

---

[1]    Failure to report for duty for an extended period of time constitutes excessive absences which is recognized as a lawful ground for removal. *See Kelley v. Dep't of Veterans Affairs*, 73 F. App'x 438, 439 (Fed. Cir. 2003) ("Prolonged absence with no foreseeable end can provide just cause for removal because it constitutes a burden that no reasonable employer can efficiently endure.").

Appx. 6 (2d Cir. 2013) (unpublished) ("*Doe I*");[2] *see also Final Order* at *1.

After these various issues between Ms. Patrick and the FDIC began, she started experiencing medical issues. Ms. Patrick was placed on leave under the Family and Medical Leave Act ("FMLA") from December 12, 2007, through March 5, 2008, after providing the FDIC with a note from her physician indicating that she needed rest. While Ms. Patrick was on FMLA leave, she requested the FDIC to place her on leave without pay ("LWOP") status for one year. At the close of Ms. Patrick's FMLA period, she was approved for LWOP status through June 21, 2008. Leading up to the expiration of her LWOP status, she provided the FDIC with updated medical information indicating that her treatment was ongoing and she could not return to work for at least another six months. In response, the FDIC began investigating the likelihood that Ms. Patrick would ever return to her position and solicited an opinion from an occupational health consultant at the U.S. Department of Health and Human Services on the matter. The consultant informed the FDIC that after review of the circumstances he had no reason to presume she would ever be able to return to her position at the FDIC.

On August 6, 2008, the FDIC sent Ms. Patrick a letter informing her that her prolonged absence was adversely affecting the agency's New York City Field Office and could no longer be tolerated. The letter stated that if Ms. Patrick did not report for duty on August 18, 2008, the FDIC may commence nondisciplinary adverse action to remove her from the agency. Ms. Patrick replied to the letter stating, among other things, that she did not anticipate returning

---

[2]    Ms. Patrick is named pseudonymously in all proceedings before the district court. However, because Ms. Patrick cites to such proceedings in her publicly filed brief, we will cite them as well.

to work on August 18, 2008, and could not provide the FDIC with a return date. On October 6, 2008, Ms. Patrick's supervisor recommended action be initiated to remove her from her position and her removal was proposed on October 15th of that same year.

The FDIC proposed Ms. Patrick's removal with one charge of "excessive absences resulting in [her] inability to perform [her] duties on a regular basis" and sixteen accompanying specifications ("Specifications"). *Final Order* at *1 (citation modified). The Specifications charged that Ms. Patrick was absent from duty for the partial pay period covering March 5, 2008, through March 14, 2008 as well as each full pay period from March 17, 2008 through October 3, 2008, totaling in 1,224 of granted LWOP hours. Ms. Patrick responded alleging, in part, that the FDIC was retaliating against her due to her reporting of corruption and illegal activity. On January 9, 2009, a decision was issued sustaining the FDIC's charge and removing Ms. Patrick's from her position effective January 16, 2009. The decision also informed Ms. Patrick that she had the right to challenge her removal through various channels, including through an appeal to the Board and through a civil action under 12 U.S.C. § 1831j.

In January of 2011, while *Doe I* remained pending, Ms. Patrick filed another civil action against the FDIC in the Southern District of New York. *Doe v. FDIC*, No. 11 CIV. 307 BSJ RLE, 2012 WL 612461, at *1 (S.D.N.Y. Feb. 27, 2012) ("*Doe II*"). Although Ms. Patrick was informed by the FDIC that she may file such a civil action, the agency moved to have the case dismissed. Both *Doe I* and *Doe II* were eventually dismissed for lack of jurisdiction. *See Doe I* at *4; *Doe II* at *6.

Then, for the first time, Mrs. Patrick filed an appeal with the Board on March 22, 2012, and shortly thereafter appealed the dismissal of *Doe I* to the United States Court of Appeals for the Second Circuit. *See Doe v. FDIC*, 545 F.

App'x 6, 9 (2d Cir. 2013).  The FDIC moved to have Ms. Patrick's appeal with the Board dismissed without prejudice due to the ongoing civil action and a certain protective order entered into by the parties during *Doe I* ("Protective Order") which remained in effect.  Over Ms. Patrick's objection, the Board dismissed her appeal without prejudice due to the ongoing civil action.  Ms. Patrick's appeal with the Board was re-filed and dismissed without prejudice four more times between 2012 and 2017 due to the existence of the Protective Order and ongoing civil proceedings.[3] Ms. Patrick thereafter refiled her appeal to the Board.

## II

### A

Over nine years after the effective date of Ms. Patrick's removal from the FDIC, the administrative judge ("AJ") issued an initial decision on the merits of her appeal on October 24, 2018 ("Initial Decision").  *Patrick v. FDIC*, No. NY-0752-12-0130-I-6, 2018 WL 5389398 (M.S.P.B. Oct. 24, 2018) ("*Initial Decision*").  The AJ sustained the FDIC's removal charge and denied Ms. Patrick's whistleblower defense, but ultimately reversed Ms. Patrick's removal based on the finding of a due process violation, ordering the FDIC to reinstate Ms. Patrick to her position and provide her with back pay.  *Id.*

The AJ generally sustained Specifications 1 through 16 and the FDIC's charge of excessive absences.[4]  *Id.*  She

---

[3]    The Second Circuit affirmed the district court's dismissal of *Doe I* in 2013.  *Doe v. FDIC*, 545 F. App'x 6, 9 (2d Cir. 2013).

[4]    Because a charge of excessive absences based on approved leave may not include leave under the FMLA, the AJ found that the FDIC improperly included one day of FMLA leave in Specification 1, but otherwise sustained the

made this finding after determining that Ms. Patrick's situation fell within the exception to the general rule that an agency cannot take adverse action against an employee based on the use of approved leave time. *Id.*; *see Savage v. Dep't of the Army*, 122 M.S.P.R. 612, 630 (M.S.P.B. 2015); *Fox v. Dep't of the Army,* 120 M.S.P.R. 529, 549 (M.S.P.B. 2014).

The AJ rejected Ms. Patrick's whistleblower retaliation defense because, while Ms. Patrick had made protected disclosures under 5 U.S.C. § 2302(b)(8), the record did not support a finding that such protected disclosures contributed to her removal. *Id.*

Next, the AJ considered whether the FDIC violated Ms. Patrick's due process rights. *Id.* Ms. Patrick argued that the deciding official based his determination on absences not included in the Specifications, in contravention of her due process rights. The AJ found that while Ms. Patrick's proposed removal was based on her absences from March 5, 2008, through October 3, 2008, the dates covered by the Specifications, the deciding official based his decision on Ms. Patrick's absences from October 23, 2007 through January 9, 2009. *Id.* As such, the AJ found that the deciding official considered absences before March 5, 2008, and after October 3, 2008, which were not cited in the Specifications. *Id.* The AJ assessed whether, under this court's precedent in *Stone v. FDIC*, 179 F.3d 1368 (Fed. Cir. 1999), Ms. Patrick's due process rights were violated for having "notice of only certain charges or portions of the evidence and the deciding official['s] consider[ation of] new and material evidence." *Id.* (citing *Stone*, 179 F.3d at 1376). In determining that Ms. Patrick's due process rights were violated, the AJ

---

remainder of the Specification. *See Initial Decision* (citing *McCauley v. Dep't of the Interior*, 116 M.S.P.R. 484, 489-90 (M.S.P.B. 2011)).

found the additional absences to constitute new and material information. *Id.*

Ms. Patrick's removal was thus reversed and the FDIC was ordered to reinstate Ms. Patrick to her position and provide her with back pay. *Id.* The AJ additionally provided interim relief in the event either party petitioned for review of the Initial Decision. *Id.*

B

The FDIC and Ms. Patrick both petitioned the Board for review of the Initial Decision. *Final Order*, at \*1. Ms. Patrick also moved to dismiss the FDIC's petition for its failure to comply with the AJ's interim relief order. *Id.* On April 29, 2024, The Board issued a Final Order denying Ms. Patrick's motion to dismiss and petition for review, granting the FDIC's petition for review, and reversing the Initial Decision ("Final Order"). *Id.*

The Board first denied Ms. Patrick's motion to dismiss. *Id.* at \*1-2. "Ordinarily, when an appellant challenges the agency's certification of compliance with an interim relief order, the Board will issue an order affording the agency the opportunity to submit evidence of compliance." *Id.* at \*2 (citing 5 C.F.R. § 1201.116(b) (2012)). However, the Board found it "unnecessary to issue such an order" in this case because Ms. Patrick had already submitted copies of correspondence with the FDIC into evidence that demonstrated the agency's compliance.[5] *Id.*

---

[5] In the correspondences, the agency ordered Ms. Patrick to return to duty and described how the process of her reinstatement would be handled, including that a standard form 50 documenting the cancellation of her removal from the FDIC was available via the agency's secure email system upon her return to duty. *Final Order* at \*2.

The Board then reversed the AJ's due process determination, finding the additional absences did not constitute new and material information. *Id.* at *2-3. The Board considered and weighed the three *Stone* factors to determine whether such additional absences constitute new and material information such that Ms. Patrick's due process rights were violated. *Id.* at *3 (quoting *Stone*, 179 F.3d at 1376-77). The factors are: (1) "whether the *ex parte* communication merely introduces 'cumulative' information or new information"; (2) "whether the employee knew of the error and had a chance to respond to it"; and (3) "whether the *ex parte* communications were of the type likely to result in undue pressure upon the deciding official to rule in a particular manner." *Stone*, 179 F.3d at 1377; *Final Order*, at *3.

In considering the *Stone* factors the Board made the following findings of fact. Regarding the earlier absences which pre-date those in the Specification, the Board found such information was not "new" because (1) both the notice of proposed removal and the decision letter "described [Ms. Patrick's] absences from the time they began in 2007" before turning to a consideration of the absences actually charged, and (2) Ms. Patrick herself "addressed her absences beginning in 2007 in her reply" to the notice of proposed removal. *Id.* Regarding the later absences which occurred after those charged in the Specification, the Board found the deciding official's brief reference in the decision letter to Ms. Patrick having not returned to work "'to date'" may have been "such that [Ms. Patrick] did not have an opportunity to address those absences." *Id.* However, the Board found that such the additional absences were not material to the deciding official's determination as there was "no suggestion" that the additional absences "w[ere] likely to result in undue pressure upon him to rule in a particular manner." *Id.* Finding the additional absences not charged in the Specifications to be neither new nor

material, the Board reversed the AJ's finding of a due process violation. *Id.*

The Board then determined that the FDIC had proved its charge of excessive absences. *Final Order* at \*4-5. Regarding Ms. Patrick's whistleblower defense, the Board agreed with the AJ that Ms. Patrick made protected disclosures, but failed to prove her disclosures were a contributing factor in her removal. *Id.* at \*5-6. The Board additionally considered Ms. Patrick's argument on appeal that various grievances she had filed or attempted to file were protected disclosures the AJ did not specifically consider, but the Board ultimately found that even if such grievances were protected activity, Ms. Patrick failed to establish a nexus between such grievances and her removal. *Id.* at \*6-7.

Having determined removal to be a reasonable penalty, the Board reversed the AJ's finding of a due process violation and sustained the FDIC's removal of Ms. Patrick from her position. *Id.* at \*1, \*8.

Ms. Patrick timely appealed to this court. We have jurisdiction to review the Board's decision under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## III

We may set aside the Board's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (citation modified).

### IV

Ms. Patrick alleges five errors in the Board's Final Order and five errors in the underlying proceedings. Having carefully considered the arguments properly before us, we conclude that none undermine the Board's Final Order.

### A

Ms. Patrick alleges the following as errors in the Board's Final Order: (1) denial of her motion to dismiss the FDIC's petition for failure to comply with the interim relief order; (2) finding the FDIC proved its charge of excessive absences; (3) finding no due process violation; (4) rejecting her defenses of whistleblowing and retaliation for grievance activity; and (5) determining removal to be a reasonable penalty.

Ms. Patrick's opening brief to this court presented a developed argument with regard to her first allegation of error and a more limited but sufficient argument with regard to her third allegation of error. Appellant's Br. 18-19. With regard to her second, fourth and fifth allegations of error, Ms. Patrick stated that due to "lack of materials" any "comment" on those alleged errors would be "premature" in her opening brief, leaving those arguments as identified but wholly undeveloped. *Id.* The court twice granted Ms. Patrick's request for an extension of time in which to file her reply brief, expecting possible development of the undeveloped arguments. In the end, Ms. Patrick failed to file a timely reply brief,[6] consequently leaving three of her

---

[6]    The court ordered Ms. Patrick to file her reply brief on or before February 5, 2026. Her reply brief was served by mail on February 9, 2026. The court received and filed her reply brief on February 13, 2026. Ms. Patrick relies on Federal Rule of Appellate Procedure 26(c) to establish timely filing of her reply brief. In some circumstances Rule

arguments identified but wholly undeveloped. Undeveloped arguments may be deemed waived, and thus not addressed by the court. *See CardSoft v. Verifone, Inc.*, 769 F.3d 1114, 1119 (Fed. Cir. 2014) ("Arguments that are not appropriately developed in a party's briefing may be deemed waived.").

Removing the waived arguments, Ms. Patrick alleges error with the Final Order in the Board's (1) denial of her motion to dismiss the FDIC's petition for failure to comply with the interim relief order, and (2) finding of no due process violation. We reject both arguments.

First, Ms. Patrick urges that the Board abused its discretion by refusing to order the FDIC to submit evidence showing compliance with the AJ's interim relief order. We disagree.

If an appellant challenges an agency's certification of compliance with an interim relief order "the Board will issue an order affording the agency the opportunity to submit evidence of its compliance." 5 C.F.R. § 1201.116(b) (2012). However, even if an agency does not provide evidence of compliance, the Board has discretion in deciding whether to dismiss the petition for review. *Id.* § 1201.116(e) (2012); *see also Hoofman v. Dep't of the Army*, 526 F. App'x 982, 985 (Fed. Cir. 2013) (explaining "the relevant regulation provides [the Board] discretion to dismiss or not dismiss."). Here, the Board determined that

---

26(c) provides additional days for computation of time, however such rule does not apply to deadlines set by court order. *See* Fed. Cir. R. 26(a)(5); *see also Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1016 (6th Cir. 2005) (holding Rule 6(a) "does not apply to situations where the court has established a specific calendar day as a deadline"). Ms. Patrick's reliance on Federal Rule of Appellate Procedure 26(c) is thus misplaced.

it was "unnecessary" to issue an order requiring the agency to submit evidence of compliance because: (1) the FDIC was, in part, "question[ing] the propriety of the interim relief order"; (2) the FDIC "certified under oath that the agency ha[d] fully complied" with the interim relief order; and (3) Ms. Patrick "ha[d] herself submitted evidence demonstrating that the agency [was] in compliance with the administrative judge's interim relief order." *Final Order* at \*2 (citing 5 C.F.R. § 1201.116(b) (2012)).

Moreover**,** the Board's finding that the FDIC complied is supported by substantial evidence. Based on the evidence provided by Ms. Patrick, the Board found that the FDIC had complied with the interim relief order. *Final Order* at \*2. This constitutes substantial evidence and as such we will not disturb the finding. If the Board had, as Ms. Patrick urges it was required to, issued an order for the FDIC to submit evidence of compliance, any evidence the FDIC chose to provide would have been cumulative of the evidence already provided by Ms. Patrick. Therefore, a showing that prejudice flows from the Board's failure to issue such an order has also not been made. For these reasons, Ms. Patrick fails to show abuse of discretion in the Board's failure to order the FDIC submit evidence of compliance in this case.

Second, Ms. Patrick has not alleged error in the Board's due process analysis by failing to challenge the Board's factual findings on newness and materiality. Due process requires that, before a federal employee can be lawfully removed from her position, she must be given notice both of the charges against her and the agency's evidence as well as an opportunity to respond. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546, (1985). In *Stone* this Court determined "*ex parte* communications that introduce new and material information to the deciding official will violate the due process guarantee of notice" and set forth three, nonexclusive, factors to be considered when determining whether information is, in fact, "new and material"

for such purposes.   179 F.3d at 1377.   "In considering whether information is 'new and material' such that it violates due process, we consider the facts and circumstances of each case, and the test is an objective one."   *Rueter v. Dept. of Com.*, 63 F.4th 1357, 1365 (Fed. Cir. 2023) (citing *Stone*, 179 F.3d at 1377).   The Board objectively considered the *Stone* factors and determined the additional absences were neither new nor material.   *Final Order* at *3 (quoting *Stone*, 179 F.3d at 1377).   Ms. Patrick does not challenge any of the Board's factual findings, including that Ms. Patrick herself referenced the earlier absences in her reply to the notice of proposed removal or that no evidence indicated that any of those absences not noted in the Specifications influenced the deciding official.   The Board applied the correct legal framework, and Ms. Patrick has failed to show error in the Board's due process analysis.

B

Ms. Patrick additionally alleges the following as errors generally in her proceedings before the agency: (1) the AJ's failure to rule on her allegation that the FDIC illegally obstructed proceedings under 18 U.S.C. § 1505; (2) the AJ's failure to rule on her inability to seek assistance of counsel; (3) the AJ's denial of Ms. Patrick's motion to compel discovery; (4) violation of 5 C.F.R. § 1201.53 by the AJ and the Board in denying access by Ms. Patrick to the transcript and/or recording of the November 6, 2017 hearing before the AJ; and (5) the Board's failure to order the FDIC submit evidence of compliance with the interim relief order. These arguments lack merit.

First, Ms. Patrick is incorrect that the AJ's failure to rule on her allegations of illegal obstruction by the FDIC under 18 U.S.C. § 1505 was erroneous.   Neither the AJ nor the Board have authority to adjudicate alleged violations of a criminal statute, and Ms. Patrick fails to even allege as much.   *See* 5 U.S.C. § 1204 (defining the Board's statutory authority); *see also King v. Merit Systems Protection*

*Bd.*, 52 F.3d 345 (Fed. Cir. 1995) ("The MSPB has no jurisdiction over criminal cases.").

Second, Ms. Patrick argues that certain restrictions of the Protective Order frustrated her ability to be represented by counsel and led the Board to be in violation of 5 C.F.R. § 1201.3(a), which provides that a party before the Board "may be represented in any matter related to the appeal." Ms. Patrick, through counsel in *Doe I*, consented to the Protective Order, even if she later sought to modify it or now regrets that decision. To the extent that her ability to obtain counsel or freely prosecute her case before the Board was constrained by the terms of the Protective Order, those consequences result from Ms. Patrick's consent to the Protective Order and its terms, and not from any action taken by the Board. Ms. Patrick's 5 C.F.R. § 1201.3(a) argument lacks merit.

Third, we need not determine whether the AJ's failure to compel discovery was an abuse of discretion because no showing of prejudice has been made. *See Curtin v. Office of Pers. Mgmt.*, 846 F.3d 1373, 1378 (Fed. Cir. 1988) ("If an abuse of discretion did occur with respect to the discovery and evidentiary rulings…[Appellant] must prove that the error caused substantial harm or prejudice to his rights which could have affected the outcome of the case."). Ms. Patrick's contention regarding her request to compel discovery centers on her inability to obtain certain bank examination documents due to the Protective Order to which she consented. While she contends that such evidence was relevant to her whistleblower defense, the AJ and Board determined that Ms. Patrick's defense failed because she failed to show a nexus between her protected activity and removal. *See Final Order* at *5-7. Because Ms. Patrick provides no information in her opening brief regarding how such bank examination documents would have assisted her in presenting a nexus argument, no showing of prejudice has been made and consequently the argument lacks merit.

Ms. Patrick's fourth argument alleges a violation by the AJ and the Board of 5 C.F.R. § 1201.53(c), which provides that "[c]opies of recordings or existing transcripts will be provided upon request to parties free of charge." The regulation further provides that when written transcripts are desired, but not preexisting "[a]ny party may request that the court reporter prepare a full or partial transcript, at the requesting party's expense." *Id.* § 1201.53(b). Ms. Patrick alleges that the AJ and the Board had access to at least the recording of the November 6, 2017, hearing before the AJ[7], and that the AJ and the Board made use of the recording in their decisions. Ms. Patrick alleges that the AJ and the Board did not assist her in gaining access to the recording, and thus negatively impacted her pleadings to the AJ and the Board. Ms. Patrick's argument depends on a legal obligation of the Board to provide a party with either a hearing written transcript or recording. The cited regulation provides such an obligation, but only upon a request being made by a party. Ms. Patrick does not allege that she made such a request while her case was pending before the Board. For that reason, she cannot allege error by the Board under the cited regulation.

Lastly, Ms. Patrick's fifth argument was discussed in Section IV.A *infra* alongside her related and overlapping argument that the Board erred in denying her motion to dismiss. For the reasons set forth above, this argument is rejected.

---

[7] The record before this court shows that a recording of the hearing exists and is deposited in the docket of the case. The record also shows that a hearing transcript was created but is not generally accessible on the docket.

CONCLUSION

Having carefully reviewed Ms. Patrick's arguments we conclude that none undermine the Board's final decision. For the reasons stated above, we affirm.

**AFFIRMED**

COSTS

No costs.